Joseph P. Gould, Adm'r.
    vs.     P.A.No.933
Esther M. Harris, et al.

September 23, 1925.

WALSH, J. On October 27, 1922, Charles W. Harris conveyed certain real estate situate on Brighton street in the City of Providence and certain other real estate situate in the Town of Barrington, R. I., to Frederick T. Gilmore of Providence, in trust.

"To hold, manage and improve said property, receive all income therefrom, make necessary repairs thereon, arrange or compromise any demand relating to said trust premises, pay all taxes assessed against said property, pay the interest due upon any mortgages now on said property, or that may hereafter be placed thereon (and in his discretion to pay on account of the principal of said mortgages), insurance upon said property, and, generally, all charges for upkeep and repair of the same, including his reasonable compensation for his services, and in his sound discretion to lease mortgage, or to sell and convey in fee simple all and any of said real estate for cash or credit, and to apply any moneys obtained by such mortgage or sale to the improvement of any other part thereof or in reduction of any mortgage thereon, and such sale may be either by public auction or private contract and upon such terms and such conditions and in such manner. as he shall see fit, with the power to buy in, rescind or vary any contract for sale and to execute any and all notes, deeds, or other instruments

necessary or proper to effectuate the same. All net income derived by said trustee from the holding of said trust estate, all net proceeds derived from the mortgage or sale of the same, shall be held by said trustee primarily for the support and maintenance of this grantor, Charles W. Harris, and his wife, Harriett F. Harris, hereinafter called beneficiaries, jointly, and to the survivor of them for and during the term of his and her natural life, for his and her separate use, without power of anticipation, hereby relieving and exonerating any person or corporation dealing with my said trustee in the premises, whether in the paying of rental or in the loaning of money upon mortgage or purchase price of any of said trust estate from any liability as to the application of such rental, proceeds or purchase price; and the receipt of either of said beneficiaries will be a sufficient voucher to my said trustee for any such income or proceeds of mortgage or sale paid over by him during the lifetime of said beneficiaries or either of them as fully as shall be the receipt of the survivor of them, and upon the death of said beneficiaries and the survivor of them, my said trustee shall convey in fee simple so much of said trust estate. as remains to any issue of myself and wife then in being, and to the descendants of any deceased child or children in the right of such deceased issue, in equal shares as tenants in common, and in default of such issue, or the descendants of deceased issue, the undisposed portion of said trust estate shall pass according to the last will and testament of this grantor or descend according to law to his heirs freed and discharged of all such trust; but nothing herein contained shall be construed as cutting down or in any manner lessening the fee simple conveyed to my said trustee and his power and authority to lease, mortgage, or convey any or all of said trust property in fee simple."

The grantor, Charles W. Harris, died intestate November 7th, 1923, leaving his widow, Harriet F. Harris, (who is now living) without issue. Joseph P. Gould, duly appointed administrator of the Estate of Charles W. Harris, brings this petition and asks for leave to sell the Brighton street property to procure funds for the payment of the debts, etc., of Charles W. Harris. The Municipal Court of the City of Providence on March 6, 1925, denied and dismissed the petition of the administrator "for want of jurisdiction. The title to said land being in the hands of a trustee by deed of 1922, nothing remaining in said Charles W. Harris which this Court has the jurisdiction to order sold." The administrator appealed to this Court from said decree.

Maud H. Lee, who appears as one of the heirs at law of Charles W. Harris, claims that at the death of Charles W. Harris, Gilmore had the bare legal title to this real estate, the widow had the whole beneficial interest for her life with a contingent remainder (no issue having been born of the marriage and Harris having died intestate) in the heirs at law of Harris, Determinable at the death of Harriet F. Harris; that the heirs at Law take by purchase and not by descent, hence there is nothing now in the hands of the administrator which he can sell.

Appellant admits a contingent relegal title to this real estate, the widow had the whole beneficial interest for her life with a contingent remainder (no issue having been born of the marriage, and Harris having died intestate) in the heirs at law of Harris, determinable at the death of Harriett F. Harris; that the heirs at law take by purchase and not by descent, hence there is nothing now in the hands of the administrator which he can sell.

Apellants admits a contingent remainder was created by the trust deed, but claims this contingent remainder can never vest because no issue were born, hence there is a reversion to the grantor's heirs, and that this reversion was the only thing a will could devise or the administrator sell.

The law favors the vesting of estates immediately upon the death of the testator and will not regard the remainder as being contingent in the absence of a clear intent on the part of the testator to that effect. (Ross v. Nettleton, 24, R. I. at p. 127). However, it is uniformly held that this preference of the law is subordinate to the fundamental principle of construction that "the written expression of the testator taken in its natural sense and use and applied to existing facts must control." (Ogden, Pet'r, 25 R. I. 373 at p. 374.)

The intention of the grantor must govern and when that appears it overrides all rules and precedents, making its own law. The primary object in the grantor's mind was to protect himself and his widow during their lives, to take care of any children born of the marriage, to reserve to himself the power of disposing of the trust res by his last will and testament and in default of a last will, to have his property go to his heirs at law in accordance with the canons of descent. The intention clearly appears that his "heirs" should be ascertained at the time of the distribution of the trust estate and not at the time of the grantor's death. Hence the deed did give contingent equitable interests in fee to those persons who would answer the description of his heirs at law at the time of the death of his wife, the grantor having died intestate and without issue. (Taber vs. Talcott, 40 R. I. 338.)

Under these circumstances, we are of the opinion that the heirs at law take by purchase and not by descent and that the grantor had no interest

in the real estate at the time of his death. Hence there was no power in the Probate Court to order its sale for the payment of the debts of the grantor. The appeal is dismissed and the decree of the Probate Court is affirmed.

For Appellant: John P. Beagan.

For Appellees: Alfred G. Chaffee.